

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James K. Evetts
District Attorney
Belton, Texas

Dear Sir:

Opinion No. O-4668
Re: Article 577, Penal Code of
Texas, does not apply to fra-
ternal benefit societies.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"I am requesting your construction of
several statutes of vital interest dealing with
fraternal life insurance companies operating in
Texas.

"The Slavonic Benevolent Order of the
State of Texas, with its principal place of
business in Fayetteville, Texas, was incorporat-
ed and operates in accordance with Chapter 8
of Title 78 of the 1925 Revised Civil Statutes
of Texas. According to Article No. 44 of its
constitution and by-laws (in force for about
thirty years), the attorney, who is one of the
officers, examining the title, preparing all
loan papers and transacting the loan for the
benefit of the Supreme Lodge with the borrower,
received a fee of 1.5% of the amount of the
loan of the first year's accrued interest on
every such loan finally consummated. If the
title is not valid in the opinion of the attor-
ney, or if the borrower decides not to close
the loan, even after the title is examined and
all loan papers prepared, the attorney does
not receive any remuneration for his services.

"QUESTION:

"1. Does the payment of the 1.5% out of
the first year's accrued interest on the indi-

Honorable James K. Evetts, Page 2

vidual loans violate the provisions of Art.
4937 of 1925 Civil Statutes of Texas? which
provides:

"'Every provision of the laws of the
society for payment by members of such society,
in whatever form made, shall distinctly state
the purpose of the same and the proportion
thereof which may be used for expenses.

"No part of the money COLLECTED for mor-
tuary or disability purposes or the NET accre-
tions of either or any of said funds shall be
used for expenses.'

"2. Does the payment to the attorney,
who is an officer of such organization, of the
1.5% out of the first year's accrued interest
on the individual loan violate the provisions
of Article 577 of the 1925 Texas Penal Code?
. . ."

We are declining to answer your first question be-
cause the same is a civil matter not connected with any crim-
inal prosecution, and under Article 4399 of the Revised Civil
Statutes of Texas not a matter upon which we could legally
advise you. Besides, we have not been furnished with a copy
of said Article 44 of said constitution. A request for opin-
ion upon your first question would come properly from the
Board of Insurance Commissioners of Texas. However, your
second question is a matter upon which we can and should
legally advise you under the provisions of said Article 4399,
R. C. S.

Article 577, Vernon's Annotated Texas Penal Code,
reads as follows:

"No director or officer of any insurance
company transacting business in this State,
or organized under the laws of this State,
shall receive any money or valuable thing for
negotiating, procuring, recommending or aid-
ing in any purchase or sale by such company of
any property or any loan from such company,
nor be pecuniarily interested either as prin-
cipal, co-principal, agent or beneficiary, in

Honorable James K. Evetts, Page 3

any such purchase, sale or loan. Nothing contained in this article shall prevent a life insurance corporation from making a loan upon a policy held therein, by the borrower not in excess of the reserve value thereof. Any person violating any provision of this article shall be fined not less than three hundred nor more than one thousand dollars."

The above quoted article of the Penal Code was enacted by the 31st Legislature of Texas in 1909. It was Section 12 of S. B. 291 of said Legislature. Senate Bill 291 was a comprehensive bill providing for the incorporation and regulation of <u>life, health and accident insurance companies</u>, containing 70 sections, many of which sections have been carried into Chapters 1, 2 and 3 of Title 78, Vernon's Annotated Texas Civil Statutes, dealing with <u>life, health and accident insurance companies.</u> The caption of said bill reads as follows:

"An Act to authorize the incorporation of life, accident and health insurance companies and defining same; and to authorize such companies to transact business in the State of Texas; to authorize other like companies incorporated under the laws of other States, Territories and countries to transact business in this (State); to regulate the business of such companies; to define the duties and powers of the Commissioner of Insurance and Banking and give to him authority to issue, suspend and revoke permits to such companies to transact business in this State and to apply for the appointment of a receiver for such companies when they become impaired; defining the method of arriving at the value of personal property of such companies for purpose of State, county and municipal taxation, and exempting such companies from an occupation or gross receipts tax; to fix the situs of personal property of such companies for purpose of taxation; to permit the deposit of securities in the office of the State Treasurer; fixing venue

Honorable James K. Evetts, Page 4

of suits and providing the method and manner
of service of process; providing penalties
for violation of the provisions of this Act;
repealing all laws in conflict herewith; and
declaring an emergency."

Article 4823, Vernon's Annotated Texas Civil Stat-
utes, reads as follows:

"Except as herein provided, such societies
shall be governed by this law, and shall be
exempt from all provisions of the insurance
laws of this State, not only in governmental
relations with the State, but for every other
purpose. No law hereafter enacted shall apply
to them, unless they be expressly designated
therein."

The penal statutes relating to fraternal benefit
societies are Articles 581 to 585, inclusive, Vernon's An-
notated Texas Penal Code. The civil statutes regulating
fraternal benefit societies are found in Chapter 6, Title
76, Vernon's Annotated Texas Civil Statutes.

It has been broadly said by the Supreme Court
that the rights, powers and obligations of benefit societies
are determined by rules of law peculiarily, if not exclusive-
ly, applicable to them and the legality of their actions
is not to be tested by rules which apply to organizations
commercial in purpose. Wirtz v. Sovereign Camp W.O.W.,
268 S. W. 438.

We quote from 6 Texas Jurisprudence, pages 390
and 391, as follows:

"While a fraternal benefit society is some-
what in the nature of an insurance company, it
is organized and exists upon a basis wholly dif-
ferent from that of the ordinary life insurance
company. 'No benevolent association is an in-
surance company in the ordinary acceptation of
that term. The relation of certificate hold-
ers - as distinguished from "policy holders" -
is essentially mutual and reciprocal. Each
certificate holder is an insurer of the other
and of all others who are members.'

Honorable James K. Evetts, Page 5

"'The primary object of these benevolent orders and regular or old-line insurance companies is the same - the writing of insurance. The end in view is attained by the prosecution of different methods. The latter class, through agents appointed for the purpose, and located at different points in the territory where they desire to do business, solicits and writes the policies subject to the approval of the home office, for established premium rates, varying according to the hazard of the risk. The policy of the class with which we are dealing is to organize and establish inferior lodges, conducted and presided over by officers elected from its membership, whose duty it is to solicit members, and whose election results in the issuance of insurance policies for the amount prescribed by the laws of the order, upon the payment of certain fees and dues, representing the premium charged.'

". . ."

There are many cases which hold that the general insurance laws do not apply to fraternal benefit societies incorporated under the laws of this State. See the following cases:

Brotherhood of Railway Trainmen v. Smith, 36 S. W. (2d) 771

American Insurance Union v. Wylie, 23 S. W. (2d) 491

State v. Burgess, 107 S. W. 367

Independent Order of Puritans v. Brown, 229 S. W. 939

Brotherhood of Railway Trainmen v. Wood, 79 S. W. (2d) 856

Supreme Lodge, etc. v. Johnson, 81 S. W. 18

Honorable James K. Evetts, Page 6

Opinion No. 0-2020 of this department holds that Section 6 of Article 570a of the Penal Code of Texas, which prohibits any person from acting as an agent for a life, health and accident insurance company, without a license, does not apply to agents of fraternal benefit societies and that the agents of fraternal benefit societies are not required by law to be licensed. We enclose herewith a copy of said opinion for your information.

It is our opinion that Article 577, Vernon's Annotated Texas Penal Code, does not apply to fraternal benefit societies or their officers. We therefore answer your second question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:GO

APPROVED JUL 7, 1942

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE
BY
CHAIRMAN